**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Harris S. Freier, Esq. (Juris No. ct3098)
10 Madison Ave., Ste. 400
Morristown, NJ 07960
(973) 385-1801
harris.freier@ogletreedeakins.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BLOOMIN PROPERTIES, LLC | |
| Plaintiff, | DOCKET NO: |
| v. | |
| CAROLE BRIGGS | |
| Defendant. | |

## COMPLAINT FOR MONETARY DAMAGES AND OTHER RELIEF

Plaintiff, Bloomin Properties, LLC ("Plaintiff"), for its Complaint for monetary damages and other relief against Defendant, Carole Briggs ("Defendant" or "Briggs"), alleges as follows:

1

## THE PARTIES

1. Plaintiff, Bloomin Properties, LLC is a limited liability company organized in the State of New Jersey with its principle place of business in New Jersey. Plaintiff was established for the purposes of purchasing and developing real property.

2. Defendant, Carole Briggs is an individual who resides in the State of Connecticut. Upon information and belief, Defendant is also a registered attorney in the State of Connecticut under Juris No. 306219. Ms. Briggs intentionally orchestrated and participated in a scam utilizing electronic communications and unlawfully gained access to monies from Plaintiff's bank account. Defendant subsequently intentionally and unlawfully misappropriated Plaintiff's monies in coordination with an associate[1].

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this civil action under 28 U.S.C.A. § 1332. Plaintiff and Defendant are residents of different states and the amount in controversy exceeds $75,000.

---

[1] The identity of Carole Briggs's associate is currently unknown. However, Ms. Briggs planned and coordinated with an individual to commit several crimes described in more detail herein.

4. This Court has personal jurisdiction of Defendant under 28 U.S.C.A. §1391 as Defendant is resides in the State of Connecticut and the transactions giving rise to Plaintiff's claims occurred in this district.

## FACTUAL BACKGROUND

5. On October 25, 2023, the cyber criminals contacted Plaintiff by e-mail impersonating Partners Title ("Settlement Agent") in connection with Plaintiff's purchase of real property located in Lavallette, New Jersey, providing fraudulent wire instructions and falsely requesting closing funds in the amount of $1,406,921.88 ("closing funds") be wired from Plaintiff's bank account to an account held at Bank of America, N.A., identified as Account #XXXXX8024 ("Target Account").

6. The Target Account was set up in Connecticut by Defendant, Carole Briggs in coordination with an overseas associate for, what turned out to be, the sole purpose of intentionally facilitating the unlawful transfer and theft of Plaintiff's closing funds.

7. This was not the first time that Defendant had set up an account to aid in the wire fraud. She previously set up an account at Key Bank to perpetuate the criminal activity, but Key Bank closed the account as, upon information and belief, they thought that the circumstances regarding its opening were suspicious. The fact

that Defendant then continued to open the Target Account shows her culpability and reckless indifference.

8. On or about October 27, 2023, in reliance on the email and fraudulent wire instructions, Plaintiff wired $1,406,921.88 from Plaintiff's bank account with TD Bank to the Target Account, with the intent to deliver the balance of the purchase price to the Settlement Agent. Using trickery and deception, Defendant and her associate gained access to Plaintiff's closing funds totaling $1,406,921.88.

9. Unbeknownst to Plaintiff, the email and attachment referenced above were fraudulent and were part of what the Federal Bureau of Investigation has named "Business Email Compromise" ("BEC"). The e-mail originated from a domain created by Defendant and an associate, which is almost identical to the domain of Settlement Agent. The wire, which was intended to be paid to the escrow account of Settlement Agent was in fact not received by the Settlement Agent, but instead was diverted and misappropriated by the Defendant.

10. Defendant controlled the banking and transfers of the Target Account having established the sham bank account in coordination with her associate.

11. Defendant admitted, in a recorded interview, to intentionally and knowingly participating in the control of the Target Account and the coordination of funds transfers from the Target Account.

12. Plaintiff subsequently discovered that it had been defrauded and that Defendant and her associate had received the wired funds from Plaintiff's bank account. Upon discovering this fraud, Plaintiff took immediate action to recall the transfers, notified the authorities, and now brings this action in order to mitigate the damages.

## FIRST COUNT: CIVIL THEFT

13. The above paragraphs 1 through 11 are hereby incorporated by reference as if fully set forth herein.

14. Defendant with her associate unlawfully stole monies from Plaintiff's bank account and failed to take any measures to return the closing funds.

15. Having unlawfully gained access to Plaintiff's closing funds, Defendant misappropriated the closing funds and transferred the funds out of the Target Account, including the transfer of $433,825.00 to an account in Mexico.

16. As a result of the illegal acts by Defendant and her associate, Plaintiff has been damaged, after credit for funds that were successfully recalled to date, in the amount of $542,395.71 and is entitled to treble damages pursuant to Connecticut General Statutes § 52-564.[2]

---

[2] Plaintiff has been successful in tracking and clawing back $825,536.17 of the $1,406,921.88 stolen by Defendant and her associate.

## SECOND COUNT: CONVERSION

17. The above paragraphs 1 through 15 are hereby incorporated by reference as if fully set forth herein.

18. Defendant's unlawful detainment and subsequent misappropriation of the closing funds were without authorization from Plaintiff.

19. The conversion of Plaintiff's closing funds have caused Plaintiff substantial damages.

## SECOND COUNT: CIVIL CONSPIRACY TO COMMIT CONVERSION

20. The above paragraphs 1 through 18 are hereby incorporated by reference as if fully set forth herein.

21. Defendant did communicate, plan and coordinate with an associate to commit unlawful conversation of Plaintiff's closing funds.

22. Defendant controlled the banking and transfers of the Target Account having established the sham account in coordination with her associate.

23. Defendant conspired with her associate to commit conversion of plaintiff's closing funds causing Plaintiff substantial damages.

## FOURTH COUNT: UNJUST ENRICHMENT

24. The above paragraphs 1 through 23 are hereby incorporated by reference as if fully set forth herein.

25. Defendant unlawfully obtained Plaintiff's closing funds in the amount of $1,406,921.88, thereby enriching Defendant and benefiting Defendant at Plaintiff's expense.

26. Defendant did not return the closing funds to Plaintiff and subsequently misappropriated the closing funds to her benefit and to the detriment of Plaintiff.

27. Defendant's unjust enrichment has caused Plaintiff substantial damages.

## REQUESTS FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

1. Money damages in the form of actual and compensatory damages;

2. Treble damages Connecticut General Statutes § 52-564;

3. Punitive damages;

4. Attorney's fees and costs;

5. Costs pursuant to Fed. R. Civ. P. 54, and common law; and

6. Such other relief as the Court deems just and equitable.

Dated:  April 12, 2024

        Respectfully submitted,

        <u>/s/ Harris S. Freier</u>
         Harris S. Freier
        **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
        Harris S. Freier, Esq. (Juris No. ct3098)
        10 Madison Ave., Ste. 400
        Morristown, NJ 07960
        (973) 385-1801
        harris.freier@ogletreedeakins.com